Lyle NEFF, II, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–3407 to A–3409.

Court of Appeals of Alaska.

Oct. 19, 1990.

Michael S. Pettit, Asst. Public Defender, Fairbanks, John B. Salemi, Public Defender, Anchorage, for appellant.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

---

1. *See Skagway City School Board v. Davis,* 543 P.2d 218, 222 (Alaska 1975).

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

## OPINION

COATS, Judge.

In 1984 Lyle C. Neff entered no contest pleas to three class C felonies: burglary in the second degree, forgery in the second degree and theft in the second degree. Superior Court Judge Warren W. Taylor sentenced Neff to a composite sentence of ten years with seven years suspended, and placed him on probation for five years following his release from custody. Neff was released from confinement on September 1, 1986. On February 6, 1989, Neff committed two class C felony offenses: forgery in the second degree and theft in the second degree. AS 11.46.505(a) and AS 11.46.-130(a). Superior Court Judge Jay Hodges sentenced Neff to the maximum sentence of five years of imprisonment for each offense. He imposed these sentences consecutively. In addition, Judge Hodges revoked Neff's probation on his previous offenses, and imposed an additional sentence of three and one-half years of imprisonment. Thus Judge Hodges imposed a composite sentence of thirteen and one-half years of imprisonment. Neff appeals, arguing that the sentence is excessive. We reverse.

According to the presentence report, on February 6, 1989, Neff was on probation and was on release pending disposition of several probation violations. In the early morning hours of that day, Sam's Sourdough Cafe in Fairbanks, Alaska was burglarized. Several business checks were stolen; one of the checks had been signed by the bookkeeper and the payee line on the check was blank. The state troopers followed shoe prints from outside of Sam's Sourdough Cafe to the Sandvik Apartments where Neff resided. On the afternoon of February 6, Neff attempted to cash the signed check which was stolen from Sam's Sourdough Cafe at a bank. An employee at the bank knew that the check was stolen and tried to stall Neff while she called the police. Neff became nervous and started to leave the bank. As he was leaving, he grabbed a bank bag from a woman who was entering the bank. Neff fled from the scene, but was apprehended at a later time. The bank bag which Neff stole contained a little over $2,000 in cash, and a little under $8,000 in checks.

Neff was twenty-three years old at the time of these latter offenses. He had an extensive juvenile record. His juvenile offenses were theft offenses, including two offenses which would have been burglaries if he were an adult. Neff was adjudicated a juvenile delinquent and was institutionalized at McLaughlin Youth Center.

While on probation for his prior offenses, Neff frequently failed to report to his probation officer and had many other technical violations of probation. He appears to have a severe substance abuse problem; he frequently tested positive for cocaine and marijuana while he was on probation. Neff has consistently failed to get treatment for his substance abuse problem.

Because of the prior felony convictions in 1984, Neff was subject to sentencing as a third felony offender. Judge Hodges found that four aggravating factors applied to sentencing in this case. He found that Neff was "on parole or probation for another felony charge or conviction;" that Neff had a "criminal history of repeated instances of conduct violative of criminal laws ... similar in nature to the offense for which the defendant is being sentenced;" that Neff's "prior criminal history includes an adjudication as a delinquent for conduct that would have been a felony if committed by an adult;" and that "the conduct constituting the offense was among the most serious conduct included in the definition of the offense." AS 12.55.-155(c)(20), (21), (19), (10). Judge Hodges applied this later aggravating factor only to the theft offenses. Judge Hodges concluded that Neff's offense was a particularly serious example of theft because he stole the bank bag from the woman's person, making the offense analogous to the more serious offense of robbery.

In sentencing Neff, Judge Hodges found that based upon his long criminal record and consistent failure to abide by probation conditions, Neff had no potential for rehabilitation at the present time. He found that it was necessary to isolate Neff from

society for a substantial period of time in order to protect the community from future criminal actions. He concluded that in order to accomplish this goal, it was necessary for him to impose consecutive sentences.

Judge Hodges' findings are supported by the record and justify the imposition of a substantial consecutive sentence. *See Jones v. State,* 744 P.2d 410 (Alaska App. 1987). However, the sentence which Judge Hodges imposed is more than twice the maximum sentence for the most serious offense which Neff committed, and the composite sentence exceeds ten years of imprisonment. The ABA standards governing sentencing alternatives and procedures provide that "[f]or most offenses, the maximum prison term authorized ought not to exceed ten years and normally should not exceed five years. Longer sentences should be reserved for particularly serious offenses committed by particularly dangerous offenders...." *III Standards for Criminal Justice,* § 18–2.1(e) (2nd Ed. Supp.1982).

The state contends that Neff qualifies as a particularly dangerous offender.[1] However, Neff was only twenty-three years old at the time he was sentenced on these offenses. Although he had an extensive

prior record, it consisted almost entirely of property offenses. While several of those property offenses were felonies, all of the convictions were for class C felonies, the least serious felony classification. Neff has no history of assaultive conduct apart from the circumstances of his present theft offense. Although we believe that Judge Hodges could conclude that Neff's prior record demonstrated poor potential for rehabilitation and justified the imposition of substantial consecutive sentences, we do not believe that it is appropriate to sentence Neff to more than ten years of imprisonment under these circumstances. We accordingly find that the sentence which Judge Hodges imposed was clearly mistaken. We remand to the trial court with directions to impose a total composite sentence, not to exceed ten years, including any suspended time.

The sentence is REVERSED and the case is REMANDED.

---

**1.** We have defined particularly dangerous offender by referring to the ABA Standard governing habitual offenders. *Id.* at 18–4.4. That standard defines an habitual offender as one who has been convicted of at least two prior felonies, which were committed on different occasions. Under the standard, less than five years must have elapsed between the commission of the present offense and either the commission of the last prior felony or the offender's release from imprisonment on a prior felony conviction. The standard also provides that the offender must previously have served a term of total confinement in excess of one year.